LEWIS E. JOHNSON and JEANNE K. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 11196-76.
United States Tax Court
T.C. Memo 1977-382; 1977 Tax Ct. Memo LEXIS 59; 36 T.C.M. (CCH) 1557; T.C.M. (RIA) 770382; November 2, 1977, Filed Jerome J. Reso, Jr., for the petitioners. Deborah R. Jaffe and E. M. Quijano, for the respondent. *60 QUEALY
MEMORANDUM OPINION QUEALY, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent determined deficiencies in petitioners' Federal income tax and additions under section 6653(b) [1] as follows: Additions to
Tax Under Taxable Year
Deficiencies
6653(b)
1971
$116,403.07
$58,963.70
1972
41,195.03
20,597.51
The motion presents the issue of whether respondent mailed the notice of deficiency herein to petitioners' "last known address" as the phrase is used in section 6212(b)(1). If so, the petition herein was not timely filed and respondent's motion must be granted. At the time of the filing of the petition herein, petitioners were husband and wife residing in New Orleans, Louisiana. Petitioners filed their joint Federal income tax returns for the years in issue with the Office of Internal Revenue, Austin, Texas. The home address appearing on petitioners' Federal income tax returns for the years in issue is 1342 Robert E. Lee Boulevard, New Orleans, Louisiana 70112, *61 hereinafter sometimes referred to as Boulevard address. Petitioners resided at the same address on June 7, 1976. Neither petitioner notified the District Director of Internal Revenue in New Orleans, that either had established a separate residence apart from each other. On June 7, 1976, respondent sent a notice of deficiency to petitioners at the Boulevard address by certified mail. This address was obtained by respondent from petitioners' 1971 Federal income tax return. The zip code on the address was incorrect, but did not prevent the letter carrier from making delivery. On June 8, 1976, a U.S. Postal Service letter carrier attempted to deliver the notice of deficiency to petitioners at the Boulevard address, but received no response. The letter carrier left a Notice of Mail Arrival or Attempted Delivery (Form 3849) at petitioners' address. On June 12, 1976, another Form 3849 was sent to petitioners notifying petitioners that an attempt to deliver certified mail was made at their residence. Petitioners did not respond to the notices sent by the post office. The notice of deficiency was returned to respondent on June 24, 1976. Petitioner Lewis F. Johnson had filed *62 a power of attorney with respondent which was effective from February 1975 through December 15, 1976. The address listed in the power of attorney was 307 Cotton Exchange Building, New Orleans, Louisiana, which was Mr. Johnson's business address. Prior to June 7, 1976, Mr. Johnson moved his business office and orally informed agents of the respondent of his move. The petition was mailed to the Tax Court on December 23, 1976, and filed with the Tax Court on December 27, 1976. On January 25, 1977, respondent filed a motion to dismiss this case for lack of jurisdiction, alleging that the petition was not filed within 90 days after the notice of deficiency was mailed to petitioners. Section 6212(a) provides that if the Secretary or his delegate determines a deficiency in Federal income taxes, he is authorized to send a notice of deficiency to the taxpayer. As herein relevant section 6212(b) provides the address to which the notice of deficiency must be mailed is the taxpayer's "last known address." In the case of joint returns, section 6212(b)(2) provides that the notice of deficiency may be a single joint notice unless the Secretary or his delegate has been notified by either *63 spouse that a separate residence has been established. Section 6213(a) provides that if the notice of deficiency is properly mailed, the taxpayer has 90 days, unless living outside the United States, within which to file a petition with the Tax Court for a redetermination of the deficiency. If, however, the notice of deficiency is not properly mailed to the taxpayer's last known address, the 90-day period does not run, and the Tax Court will not have jurisdiction to determine the assessment. . Petitioners contend that the address to which the notice of deficiency was mailed was not their "last known address" within the meaning of section 6212(b)(1). The Court cannot sustain petitioners' contention. This Court has consistently held the taxpayer's "last known address" is the taxpayer's last permanent address known by respondent or the last known temporary address to which the taxpayer had directed the respondent to send all communications. See , and cases cited therein. Administrative realities demand that the burden fall upon *64 the taxpayer to keep the Commissioner informed as to his proper address. However, even though the burden is on the taxpayer to keep the Commissioner advised, it is clear that the Commissioner must use reasonable diligence in ascertaining the taxpayer's correct address. The record indicates respondent did exercise reasonable diligence in sending the notice of deficiency to the Boulevard address. Petitioners resided at the Boulevard address at the time of filing their 1971 and 1972 Federal income tax returns, the mailing of the notice of deficiency and the filing of the petition herein. Neither petitioner notified respondent that either petitioner had established separate residence apart from each other. Mr. Johnson's power of attorney on file with respondent listed his business address from which he informed agents he had moved prior to the issuance of the notice of deficiency. Respondent is entitled to treat the address appearing on a taxpayer's return as the "last known address" in the absence of clear and concise notification from the taxpayer directing the Commissioner to use a different address. . *65 Considering the foregoing, the Court must hold that petitioners at no time clearly and concisely notified respondent of a change of address and that respondent acted reasonably in sending his notice of deficiency to petitioners at the Boulevard address. Respondent was not required to send a notice of deficiency to both petitioners as petitioners' argument seems to imply. Section 6212(b)(2) provides that when a joint income tax return is filed, the notice of deficiency may be a single joint notice unless there has been notice by either spouse that separate residences have been established. The record is clear that neither petitioner notified the District Director of Internal Revenue in New Orleans, and that neither petitioner had established a separate residence apart from each other. Accordingly, respondent acted reasonably and in good faith in sending the single joint notice of deficiency to the Boulevard address. Petitioners did not establish that the U.S. Postal Service failed to comply with postal regulations in attempting to deliver the notice and that respondent followed the procedures set forth in section 6212. Therefore, the fact that petitioners failed to receive *66 either the notice or any notification of an attempt to deliver does not vitiate respondent's notice. . Under the provisions of section 6213(a), petitioners had 90 days from the mailing of the notice of deficiency within which to file a petition with this Court. The petition was not filed within 90 days. Therefore, respondent's motion to dismiss for lack of jurisdiction must be granted. An appropriate order will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated.↩